*509 WIGGINS, Justice
(dissenting).
I respectfully dissent. The Iowa Code provides:
If the mother was married at the time of conception, birth, or at any time during the period between conception and birth, the name of the husband shall be entered on the certifícate as the father of the child unless paternity has been determined otherwise by a court of competent jurisdiction, in which case the name of the father as determined by the court shall be entered by the department.
Iowa Code § 144.13(2) (2009).[6] There is no factual dispute the State of Iowa listed Daniel as the father on the minor’s birth certificate pursuant to section 144.13. In Iowa, the presumptive parent is the equivalent of a biological parent, unless a person rebuts the presumption “ ‘by clear, strong, and satisfactory evidence.’ ” Gartner v. Iowa Dep’t of Pub. Health, 830 N.W.2d 335, 344 (Iowa 2013) (quoting In re Marriage of Schneekloth, 320 N.W.2d 535, 536 (Iowa 1982)). A child is entitled to financial support, inheritance rights, and financial obligations through their presumptive parent. Id. at 346-47. The presumption created by section 144.13(2) survives the dissolution of marriage between the parents, ensuring the child is entitled to continued support from the presumptive parent. Id. at 348.
The pertinent parts of the juvenile code relevant to this issue are as set forth below.
As used in this chapter unless the context otherwise requires:
[[Image here]]
‘Parent ’ means a biological or adoptive mother or father of a child but does not include a mother or father whose parental rights have been terminated.
Iowa Code § 232.2(39) (2013).
A petition for termination of parental rights shall include the following:
a. The legal name, age, and domicile, if any, of the child.
b. The names, residences, and domicile of any:
(1) Living parents of the child.
(2) Guardian of the child.
(3) Custodian of the child.
(4) Guardian ad litem of the child.
(5) Petitioner.
(6) Person standing in the place of the parents of the child.
Id. § 232.111(4)(a)-(6).
Persons listed in section 232.111, subsection 4, shall be necessary parties to a termination of parent-child relationship proceeding and are entitled to receive notice and an opportunity to be heard, except that notice may be dispensed with in the case of any such person whose name or whereabouts the court determines is unknown and cannot be ascertained by reasonably diligent search. In addition to the persons who are necessary parties who may be parties under section 232.111, notice for any hearing under this division shall be provided to the child’s foster parent, an individual providing preadoptive care for the child, or a relative providing care for the child.
Id. § 232.112(1).
The language of these statutes includes a person standing in the place of the parents of the child and a relative providing care for the child. A relative providing care for the child would be a grandparent taking care of the child. On the other hand, a person standing in the place of the *510 parents of the child would be someone like a parent but not the biological parent. A presumptive parent is a person standing in the place of the parents of the child because the presumptive parents have all the rights and obligations of a biological parent until such time a putative parent rebuts the presumption by clear, strong, and satisfactory evidence.[7] Therefore, I would find Daniel to be a necessary party to the action and reverse the decision of the district court.

. A court can overcome the presumption of paternity if a putative parent files an action under section 600B.41A of the Iowa Code and proves among other things the presumptive parent is not the biological parent and it is in the best interest of the child to terminate the presumptive parent’s rights. See Iowa Code § 600B.41 (setting forth all the elements needed to be established to overcome the presumption of paternity).
The statute provides that "[a] petition to overcome paternity may be filed only by the mother of the child, the established father of the child, the child, or the legal representative of any of these parlies.” Iowa Code § 600B.41A(3)(a )(1). We have also said that the Iowa Constitution requires that biological fathers also have the right to file such an action. Callender v. Sidles, 591 N.W.2d 182, 192 (Iowa 1999). Thus, if the juvenile court wants to terminate the rights of the presumptive parent, it could first terminate the biological parent's rights under chapter 232, appoint a guardian, and then order the guardian to bring an action under 600B.41A. If the juvenile court finds the presumptive parent to be a suitable parent, the juvenile court could place the child with the presumptive parent who would continue to have all the rights and obligations of a biological parent vis-á-vis the child.
Under the unique circumstances of this case, the juvenile court could have granted concurrent jurisdiction to the district court over the petition filed by the child's biological father to overcome the presumptive paternity if the court deemed it was in the best interest of the child for that termination action to proceed. However, it may be more prudent for the court not to grant concurrent jurisdiction when the juvenile court is going to terminate the biological father's rights.

. The minor child was born on December 26, 2010.